[No. 30618-9-I.    Division One.    March 28, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT
DEAN HUNSAKER, *Appellant*.

*Michael J. Trickey* and *Appelwick, Trickey & Lukevich,* for
appellant.

*Norm Maleng, Prosecuting Attorney,* and *Roger S. Rogoff,
Deputy,* for respondent.

BAKER, J. — Robert Hunsaker appeals his second degree
child molestation conviction, claiming a violation of his

speedy trial right and reversible error when the trial court communicated with the jury without counsel present. We hold there was no speedy trial violation because the State exercised due diligence in attempting to notify Hunsaker of his arraignment. We also hold the trial court committed no error in its communication. We therefore affirm.

The first issue is whether Hunsaker's speedy trial right was violated. Appellant claims he was denied a speedy trial by the delay between the filing of the information on June 28, 1991, and his arraignment on January 14, 1992. He claims the State failed to exercise good faith and due diligence in informing him of the charges against him. The court found that the delay was acceptable because Hunsaker was in Oregon and thus not amenable to process, and that the prosecutor exercised good faith and due diligence in informing him of the charges.

CrR 3.3 provides time limitations which must be followed to ensure that criminal defendants are brought to trial in a speedy manner. CrR 3.3 could be violated if there is a long and unnecessary delay in bringing a defendant who is amenable to process before the court to answer a charge. *State v. Striker*, 87 Wn.2d 870, 875, 557 P.2d 847 (1976). Under *Striker*, if there is an unduly long delay between filing charges and arraignment, the start of the speedy trial time is to be calculated from the filing of the information rather than arraignment. *Striker*, 87 Wn.2d at 875.

Striker does not require the court to establish a constructive arraignment date in cases where the prosecutor acts with good faith and due diligence in attempting to bring the defendant before the court to answer the charge. *State v. Greenwood*, 120 Wn.2d 585, 600, 845 P.2d 971 (1993). Whether the prosecution acted in good faith and with due diligence necessarily turns on the facts of each individual case. *Greenwood*, 120 Wn.2d at 600.

In *Greenwood* the prosecution knew the defendant's attorney but did not notify him of defendant's arraignment. The court held that sending notice to the defendant's last known address, from which he had moved, was sufficient to consti-

tute due diligence. *Greenwood,* 120 Wn.2d at 602. *See also State v. Miffit,* 56 Wn. App. 786, 794, 785 P.2d 850 (mailing notice of arraignment to last known address of defendant constituted due diligence, even though defendant was incarcerated in the state at the time of the mailing), *review denied,* 114 Wn.2d 1026 (1990).

Here, the prosecution mailed the notice of arraignment to two addresses Appellant had given the police. Hunsaker had moved from the Seattle address more than 7 months earlier, and indeed had filed a change of address for that address.[1] The arraignment notice mailed to that address was not returned, and it is reasonable to assume it was forwarded to the Appellant as per his forwarding request. The police attempted to follow up the notice by visiting the Seattle address and speaking with neighbors. We conclude the State acted in good faith and with due diligence in attempting to notify Appellant of his arraignment.

■ We hold that where the prosecution mails the notice of arraignment to an address given it by the defendant, and the notice is not returned, the reasonable inference is that the defendant has received the notice and the prosecution has therefore acted with due diligence. Therefore, the delay in arraignment is exempt from the speedy trial calculations.[2]

The next issue is whether the trial court erred by communicating with the jury without consulting Appellant or counsel.

■ There should be no communication between the court and the jury in the absence of the defendant. *State v. Caliguri,* 99 Wn.2d 501, 508, 664 P.2d 466 (1983); *State v. Ashcraft,* 71 Wn. App. 444, 463, 859 P.2d 60 (1993). A jury must be free from judicial influence in reaching its verdict.

---

[1]Hunsaker apparently did not tell the police the Seattle address was not current. This raises the issue of whether the delay was due in part to the Defendant's own fault and connivance. *See State v. Carpenter,* 94 Wn.2d 690, 693-94, 619 P.2d 697 (1980). Since we decide the issue based on the prosecutor's due diligence, we need not resolve that issue.

[2]We do not address the alternative argument that Hunsaker was unamenable to process by reason of his out-of-state residency.

*State v. Watkins*, 99 Wn.2d 166, 176, 660 P.2d 1117 (1983). However, a defendant must provide more than mere speculation about how the trial court's intervention might have influenced the jury's verdict. Rather, a defendant must establish a reasonably substantial possibility that the verdict was improperly influenced by the trial court's intervention. *Watkins*, 99 Wn.2d at 177-78.

Here, the trial judge responded to two communications from the jury, neither of which raises a substantial possibility that the judge was improperly influencing the verdict. He merely dismissed the jury for an early lunch, and then directed it to continue to deliberate. One and a half hours after directing the jury to continue, he called it into the courtroom and, in the presence of counsel, asked whether there was a possibility of reaching a verdict.[3] There was no suggestion of coercion of a verdict on his part. Therefore, there was no error on the part of the trial court.

Affirmed.

GROSSE and KENNEDY, JJ., concur.

---

[3]Appellant's argument that the court erred by using the word "possibility" instead of "probability" was not preserved for appeal.