[No. 32893-0-I.   Division One.   August 8, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ALLEN KITCHEN, *Petitioner*.

*Antoni H. Froehling* and *Mayhew-Froehling,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Stephen Teply, Deputy,* for respondent.

BAKER, J. — Allen Kitchen appeals his conviction for public indecency, arguing that his speedy trial rights were violated by a 2-year delay between the filing of the charges against him and his arraignment. Kitchen did not appear at the original arraignment. We reverse and remand for a finding as to whether Kitchen actually received notice of the original arraignment.

## FACTS

In June 1989 the State charged Kitchen with public indecency by filing a copy of the citation with Aukeen District Court. The citation listed Kitchen's correct address and phone number.

The court set an arraignment date and mailed a summons to Kitchen. Kitchen swore in an affidavit that he never received the summons.

Kitchen did not appear for his arraignment and a warrant was issued for his arrest. No effort was made to serve the warrant. In September 1991 Kitchen was stopped for speeding and police discovered the outstanding warrant. A second notice of arraignment was sent to his home. Kitchen was finally arraigned in October 1992, more than 2 years after the charge was filed. His motion to dismiss for violation of his right to a speedy trial was denied. The Superior Court affirmed that ruling, and we granted discretionary review.

## I

██ When there is an undue delay between charging and arraignment, the courts will set a constructive arraignment date for purposes of calculating the time period within which the defendant must be brought to trial. *State v.*

*Striker*, 87 Wn.2d 870, 875, 557 P.2d 847 (1976); *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993). If the delay was caused in part by the defendant's fault or connivance, or the State acted diligently in bringing the defendant to court, then the delay in arraignment will be excluded for speedy trial purposes. In those cases, a constructive arraignment date will not be set and the actual arraignment date will be used to calculate speedy trial dates. *Striker*, 87 Wn.2d at 875.

The State may assume, and the trial courts should presume, that a letter sent by regular first-class mail to the defendant's correct address and not returned to the sender was delivered, and that the defendant was given notice of the charge filed against him. *State v. Hunsaker*, 74 Wn. App. 209, 873 P.2d 546 (1994). A nonappearance at the scheduled arraignment will then normally implicate fault on the part of the defendant. Under *Striker*, 87 Wn.2d at 872, the resulting delay would *not* implicate CrR 3.3 because it is attributable to the defendant, and no due diligence inquiry would be required.

However, the presumption is rebuttable. The defendant may be able to convince a trial court that the notice was not received. For example, the defendant may be able to show the letter was misdelivered, and may further convince the trial court that the defendant did not for any other reason know of the filing of the charge against him. When a defendant is able to convince the court that he was without fault in failing to appear at his arraignment, the court must then determine whether the State exercised due diligence in attempting to notify defendant of the filed charge.[1]

It is the defendant's burden to overcome the presumption of adequate notice. In this regard, the courts should be slow to accept a simple denial by a defendant that the notice was received as sufficient to overcome the presumption that such notice was received when properly mailed. Nevertheless, the trial court is vested with that fact-finding responsibility,

---

[1]Thus the State should exercise caution in failing to take any further steps to notify defendants who fail to appear at their scheduled arraignments.

including resolving issues of credibility. We will review such findings with the very limited standard of review normally accorded appeals from facts found by a trial court: is there substantial, as opposed to a mere scintilla of, evidence in the record to support the finding. *Willener v. Sweeting*, 107 Wn.2d 388, 393, 730 P.2d 45 (1986). Thus, a finding that notice of arraignment was received by a defendant because the notice was sent to defendant's correct address and not returned to the sender will normally be sustained on appeal even when the record contains a simple denial of receipt by the defendant.

■ Here, we have a simple denial of receipt, despite proof of mailing to the correct address. However, we have no finding of fault or absence thereof with regard to Defendant's nonappearance at the arraignment. Under *Greenwood*, if the delay in arraignment is not due to the fault or connivance of the defendant, we must address the issue of the State's good faith and due diligence in attempting to provide defendant with notice of the charge. *Greenwood*, 120 Wn.2d at 601. However, a finding of fault for willful nonappearance ends the CrR 3.3 analysis. No due diligence inquiry is necessary.

We could simply assume an absence of fault and proceed to address the due diligence issue. For two reasons we decline to do so, and instead remand for a finding with regard to the receipt of the original notice by the Defendant and a conclusion based at least in part thereon as to defendant's fault or lack of fault for failing to appear at his scheduled arraignment.

First, it may not be necessary to engage in a due diligence analysis. If the trial court finds that notice was received and concludes that Defendant was at fault for not appearing at his arraignment, CrR 3.3 will not have been violated by the delayed arraignment.

Secondly, the factual issues regarding due diligence are hotly contested. We are not inclined to accept the State's argument that simply mailing notice to a correct address is due diligence per se if the notice is not returned as

undelivered.[2] Other factors, including the length of the delay and other information regarding the defendant's location which the police already have in their possession or may be readily available to them may impact the due diligence analysis. Therefore, we remand to the trial court for a determination of whether Kitchen received notice of the arraignment.

## II

We next consider whether Kitchen waived his right to object to a speedy trial violation by signing a waiver of that right 28 months after he was originally charged. The State claims that because Kitchen signed speedy trial waivers in November 1991 and March 1992, he waived his right to object to the 28-month delay in his arraignment.

We disagree. There was no waiver during the period of delay between filing and eventual arraignment. It is only that period which is in question with regard to Kitchen's right to a speedy trial. Waivers entered after arraignment only relate to the time period between arraignment and trial, an issue not involved in this appeal.

## III

Finally, the State claims that when Kitchen appeared pro se at his arraignment and failed to object to the delay in arraignment, he waived any right to later raise the objection.

The general rule is that a defendant must state an objection to the timeliness of his arraignment at the time of arraignment or the objection is deemed waived. CrR 3.3(e); *Greenwood*, 120 Wn.2d at 605. The purpose of the rule is to inform the trial court of an alleged error in time to correct the error. *Greenwood*, 120 Wn.2d at 606 (citing *State v. Bernhard*, 45 Wn. App. 590, 600, 726 P.2d 991 (1986), *review denied*, 107 Wn.2d 1023 (1987)).

[2]The State also points out that the bench warrant was entered into the computer. However, nothing was done to effect service of the warrant, even though the police had Defendant's correct address and phone number in their possession.

In the *Weyland* portion of *Greenwood*, the defendant was arraigned 125 days after the information was filed. The court found that the State did not act in good faith and with due diligence in bringing the defendant to trial, so all of the 125 days had to be considered part of the speedy trial time period. This placed the arraignment beyond the 104-day *Striker* rule. Since the time for trial calculation had already expired, a timely objection pursuant to CrR 3.3(e) would not assist the court in setting a trial within the requirements of CrR 3.3. Therefore, since Weyland was not tried until after the time for trial had elapsed, he could not be deemed to have waived his objection. *Greenwood*, 120 Wn.2d at 606; *see also State v. Nelson*, 47 Wn. App. 579, 586, 736 P.2d 686, *review denied*, 108 Wn.2d 1024 (1987).

Likewise, if the trial court on remand finds that Kitchen was not at fault for the delay, and that the State failed to exercise due diligence to arraign him, Kitchen cannot be deemed to have waived his objection to the arraignment date because the court could not have set a trial date within the limits of CrR 3.3.

Reversed and remanded for further proceedings consistent with this opinion.

WEBSTER, C.J., and SCHOLFIELD, J., concur.