[No. 34257-6-I.   Division One.   November 6, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v.
MARCELLO BAZAN, JR., *Appellant*.

---

*Rita J. Griffith* of *Washington Appellate Defender Association*; and *Nielsen & Acosta*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

PER CURIAM. — Marcello Bazan, Jr., appeals the judgment and sentence entered following his conviction on stipulated facts of possession of cocaine with intent to deliver, contending that the trial court erred in denying his motion to dismiss for violation of his right to a speedy trial under CrR 3.3.

The trial court erred in determining that the delay of approximately eighteen months between the filing of the information and Bazan's arraignment was due to fault on the part of Bazan and determining that the State acted in good faith and with due diligence in attempting to bring Bazan to trial. Accordingly, the *Striker*[1] rule applies, requiring that a constructive arraignment date be set. Because Bazan was not tried within ninety days of the constructive arraignment, the charge should be dismissed.

The following undisputed facts are set forth in the findings and conclusions entered by the trial court. Bazan was arrested at his home in Marysville on December 22, 1988, when police executed a search warrant. On May 2, 1989, the State filed an information charging Bazan with possession of cocaine with intent to manufacture or deliver. On May 5, 1989, by certified mail, the State sent a summons to Bazan's Marysville address requiring him to appear for arraignment on May 16, 1989. The notice was returned "unclaimed," and Bazan did not appear. On May 25, 1989,

---

[1] *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976).

the State sent by certified mail another summons to appear for arraignment on June 1, 1989. This summons was sent to a Lake Stevens address which was on booking information. Again the notice was returned "unclaimed," and Bazan did not appear. Bench warrants were issued on both dates. On June 7, 1989, the State sent the summons and bench warrant by certified mail to the Marysville address and on July 7, 1989, sent the summons by certified mail to the Lake Stevens address. Both notices were returned "unclaimed."

On November 6, 1990, Bazan was arraigned after he was picked up on the outstanding warrant. The trial court granted his motion to suppress evidence. Following the State's appeal, this court reversed.

On remand, Bazan moved to dismiss for violation of his right to a speedy trial. The trial court concluded that Bazan's failure to pick up the summonses indicated fault on his part and that the State acted with good faith and due diligence. The trial court denied the motion to dismiss. Bazan was found guilty on stipulated facts.

Bazan contends that he was denied his right to a speedy trial because the State failed to exercise due diligence in bringing him to trial. He contends that since the State knew he had not received the summons, the State was obligated to take additional steps such as sending the summons by regular first class mail, trying to reach him at his home address through the case detectives, or trying to reach him through his employment. Bazan also challenges the trial court's conclusion that the lack of notice was due to Bazan's fault in failing to pick up the certified mail and the court's findings and assumptions underlying this conclusion.

The State contends that Bazan's fault in failing to claim his certified mail excused the State from the due diligence requirement. Alternatively, the State contends that even if Bazan were not at fault in causing the delay, the State exercised due diligence in obtaining his presence for trial.

■ Under CrR 3.3, the speedy trial rule, defendants

such as Bazan who remain out of custody must be tried within ninety days of arraignment. CrR 4.1 requires that defendants be promptly arraigned once charges are filed. The courts have interpreted CrR 3.3 as imposing a similar requirement. *State v. Greenwood*, 120 Wn.2d 585, 591-94, 845 P.2d 971 (1993). When a "long and unnecessary delay occurs in bringing a defendant who is amenable to process before the court, CrR 3.3's 90-day trial period is deemed to commence at the time the information was filed, instead of when the defendant finally appeared before the court to answer for the charge." *State v. Greenwood*, 120 Wn.2d at 591; *State v. Striker*, 87 Wn.2d 870, 875, 557 P.2d 847 (1976). The present version of CrR 3.3 provides for an additional fourteen-day period after the defendant's first appearance in court before the defendant must be arraigned. CrR 3.3(c)(1). Thus, if the *Striker* rule applies, a defendant's time for trial calculation begins on a constructive arraignment date of fourteen days after the information is filed. A delay of forty-five days is sufficient to *initially* invoke consideration of *Striker*. *State v. Greenwood*, 120 Wn.2d at 599; *State v. Carpenter*, 94 Wn.2d 690, 694, 619 P.2d 697 (1980).

██ In this case the delay between filing the information and arraignment of approximately eighteen months or 540 days is sufficient to consider whether *Striker* and CrR 3.3 require the court to set a constructive arraignment date. We then determine whether any part of this delay should be excluded from Bazan's time for trial period to determine whether an undue delay actually occurred. *State v. Greenwood*, 120 Wn.2d at 600. Because only unnecessary delay triggers the *Striker* rule, any period of delay resulting from the fault or connivance of the defendant is excluded, as is any period of delay during which the State exercised good faith and due diligence in attempting to bring the defendant before the court. *State v. Greenwood*, 120 Wn.2d at 600-01. If the delay is due to the defendant's fault, no due diligence inquiry is required. *State v. Kitchen*, 75 Wn. App. 295, 298, 877 P.2d 730 (1994).

The trial court found that the summonses indicated that they were sent by the sheriff's office and concluded that it was logical that when the defendant received the notice of certified mail, he would understand that it related to the criminal investigation. The court concluded that Bazan was at fault for failing to pick up the summonses sent by certified mail.

The court's finding is not supported by the record. As Bazan's trial counsel argued, although the envelopes containing the summonses showed a return address of the sheriff's office, there is no indication of the sender on the notice of certified mail.

Moreover, the trial court's reasoning is inconsistent with the recent case of *State v. Williams*, 74 Wn. App. 600, 875 P.2d 1222 (1994). In *Williams*, the State sent a summons to the defendant by certified mail. The summons was returned "unclaimed" allegedly following two notices left for Williams. This court stated:

> Further, although it is argued that Williams' refusal to accept the letter containing the summons was some form of connivance, the State does not dispute that the certified letter came back "unclaimed" not "refused." There are no facts indicating any type of connivance or fault on the part of the defendant.

*State v. Williams*, 74 Wn. App. at 603.

■■ A total of four notices of certified mail were sent to Bazan at two different addresses. The record indicates that during the period at issue Bazan always resided at the Marysville address. Bazan did not deny that he received the notices of certified mail. As in *Williams*, however, the notices of certified mail were returned "unclaimed," not "refused." At trial the State acknowledged that there were no facts indicating connivance by Bazan. The record established only that Bazan did not respond to the notices of certified mail and pick up the letters.

Relying solely on *State v. Vahl*, 56 Wn. App. 603, 784 P.2d 1280, *review denied*, 114 Wn.2d 1021 (1990), the State contends that Bazan's failure to pick up the certified mail constitutes fault as a matter of law.

In *Vahl*, the defendant challenged her conviction for driving while adjudged an habitual traffic offender. The Department of Licensing sent Vahl a notice by certified mail that she was an habitual traffic offender and that her license would be revoked for five years. During the period of revocation, Vahl was stopped and cited with driving in violation of an order of revocation. She was charged and convicted of a gross misdemeanor. Vahl argued that due process required proof of actual notice of an order of revocation before an habitual traffic offender could be convicted of the gross misdemeanor of driving while the order was in effect.

*Vahl* is not applicable in this case for several reasons. Former RCW 46.65.065, the applicable notice provision in *Vahl*, specifically provides for notice by certified mail. CrR 2.2(d)(2), the applicable rule in this case, provides for service of a summons "by a peace officer who shall deliver a copy of the same to the defendant personally, or it may be served by mailing the same, postage prepaid, to the defendant at the defendant's address." Moreover, in the speedy trial context, the issue is whether there was a long and unnecessary delay in bringing a defendant who is amenable to process before the court. *State v. Greenwood*, 120 Wn.2d at 591-94. As the recent cases demonstrate, the court's analysis in making this determination is factually driven. Unlike the situation in *Vahl*, a defendant who fails to claim certified mail does not have veto power over the State's case. While nothing prohibits the State from utilizing certified mail to notify a defendant of a pending charge, the State cannot merely assume that a defendant's failure to pick up certified mail indicates fault or connivance and fail to take any further steps to notify a defendant of a pending charge. *State v. Williams*, 74 Wn. App. at 603.

The State also contends that Bazan has failed to overcome the presumption that he received notice, citing *State v. Kitchen*, 75 Wn. App. 295. In *Kitchen*, the defendant was charged by filing a citation which listed his correct address and phone number. The court mailed a summons to Kitchen's address. Kitchen swore in an affidavit that he never received the summons. The court stated:

> [T]he trial courts should presume, that a letter sent by regular first-class mail to the defendant's correct address and not returned to the sender was delivered, and that the defendant was given notice of the charge filed against him. A nonappearance at the scheduled arraignment will then normally implicate fault on the part of the defendant. . . .
>
> However, the presumption is rebuttable. The defendant may be able to convince a trial court that the notice was not received.

*Kitchen*, 75 Wn. App. at 298.

Unlike *Kitchen*, in this case the letter was sent by certified mail, not regular first class mail, and the notices of certified mail were returned "unclaimed." Thus, there was no basis for the State or the trial court to assume that Bazan received notice of the charge filed against him.

Because there is no basis to conclude that the delay was due to the fault or connivance of Bazan, the court must examine the State's diligence in attempting to notify Bazan of the charge against him. Whether the State exercised good faith and due diligence depends on the facts of each case. *State v. Greenwood*, 120 Wn.2d at 601; *State v. Hunsaker*, 74 Wn. App. 209, 210, 873 P.2d 546, *review denied*, 125 Wn.2d 1002 (1994). In making this determination the court considers relevant factors, including whether the defendant was aware of the pending charge and the amount and nature of the information known or readily available to the State. *State v. Kitchen*, 75 Wn. App. at 299-300; *State v. Williams*, 74 Wn. App. at 603.

In *Williams*, the trial court found that the defendant never received the summons, remained unaware that charges had been filed, and remained unaware of efforts to

notify him of the proceedings. Despite the fact that the State possessed additional information, the State made no further efforts to contact Williams. On appeal, the court upheld the trial court's determination that the State did not make the good faith and diligent efforts required. The court rejected the State's argument that it exercised due diligence by sending it to the defendant's last known address: "[T]he bald assertion made by the State that, after a summons is 'properly sent' and the defendant fails to respond, the prosecutor is not required to take further steps to locate the defendant is incorrect." *State v. Williams*, 74 Wn. App. at 604.

Similarly, in *Kitchen*, the court stated that it was "not inclined to accept the State's argument that simply mailing notice to a correct address is due diligence *per se* if the notice is not returned as undelivered." (Footnote omitted. Emphasis added.) *State v. Kitchen*, 75 Wn. App. at 299-300. *Accord State v. Hunsaker*, 74 Wn. App. at 211 (where the prosecution mails the notice of arraignment to an address given it by the defendant and the notice is not returned, the reasonable inference is that the defendant received the notice and the prosecution acted with due diligence).

Here, the State sent the summonses by certified mail to Bazan's Marysville address. This is the address Bazan gave as his residence and it is the place where Bazan was arrested and lived throughout the period between his arrest and arraignment. The summonses were also sent to a Lake Stevens address which was on booking information. Each of the notices of certified mail was returned "unclaimed." Thus, the State knew that Bazan had not received the summonses. Yet for a period of approximately sixteen months, the State made no other efforts to contact Bazan. It did not send the summons by regular first class mail, call him at the telephone number he provided, contact the investigating officer who offered to help, or attempt personal service of the summons or the warrant. Bazan was under no duty to bring himself to trial. *State v.*

*Carpenter*, 94 Wn.2d at 694. In these circumstances, the State failed to diligently act upon the information it had regarding Bazan's whereabouts.

Reversed and remanded for dismissal of the charges.

Review denied at 129 Wn.2d 1023 (1996).