[Nos. 14026-1-III;   Division Three.   March 5, 1996.]
14098-9-III;   14548-4-III.

THE STATE OF WASHINGTON, *Appellant*, v. JOHN
DEAN MARLER, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. MARCIA
ROSE VAUGHN, A/K/A MARCIA ROSE BACHMAN,
*Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. SHANNON
JEAN FRANCIS, *Respondent*.

766

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Carl E. Hueber* and *Winston & Cashatt*, for respondents.

THOMPSON, J. — The State appeals the superior courts' dismissal of welfare theft charges in the separate prosecu-

tions of Shannon Jean Francis, Marcia Rose Vaughn[1] and John Dean Marler. We consolidated these linked cases for purposes of this opinion. In each case, charges were dismissed because defendants were not promptly arraigned and their CrR 3.3 speedy trial rights were violated. The State contends the dismissals were in error because the Department of Social and Health Services (DSHS) timely notified all defendants in writing that charges had been filed and defendants should contact the sheriff's department to arrange for timely service of the arrest warrants. We affirm the dismissal of all charges with prejudice.

## FRANCIS APPEAL

Ms. Francis was charged with first-degree theft by complaint dated October 26, 1993. The complaint was filed in Spokane County District Court on November 17, 1993. An arrest warrant was issued on November 5, with bond fixed at $2,500.

On November 19, 1993, a representative of DSHS sent a letter to Ms. Francis informing her of the criminal charges and telling her to contact the sheriff's department and make an appointment to proceed with the arrest warrant. One copy of the letter was sent regular mail and one was sent certified mail, return receipt requested. The certified letter was returned unclaimed.

On January 4, 1994, a representative of DSHS went to Ms. Francis' residence and handed her a letter identical to the November 19th letter. Ms. Francis surrendered herself to authorities the next day, at which time the arrest warrant was served. Ms. Francis was arrested and released the same day after posting bond.

An information was filed in Spokane County Superior Court on January 12, 1994. Arraignment was scheduled for January 25, 1994, but rescheduled for February 1 at

[1]Marcia Rose Vaughn, also known as Marcia Rose Bachman, is referred to as Ms. Vaughn in this opinion.

the request of defense counsel. On February 1, defense counsel objected to the untimely arraignment and the proposed April 6 trial date. An earlier trial date was not set.

On April 6, 1994, the trial court determined that the State inappropriately attempted to delegate its authority to see that the arrest warrant was served and that by making no attempt to serve the warrant between November 5, 1993 and January 4, 1994, the State failed to exercise due diligence.[2] The court established November 19, 1993, as the constructive arraignment date and concluded the 90-day speedy trial date expired on February 22, 1994. The charges against Ms. Francis were dismissed with prejudice.

### VAUGHN APPEAL

Ms. Vaughn, was charged with first-degree theft by complaint filed in Spokane County District Court on June 23, 1993. An arrest warrant was issued that same day, with bond fixed at $5,000.

On June 30, 1993, a representative of DSHS sent letters to Ms. Vaughn, informing her of the warrant and criminal charges and telling her to contact the sheriff's department and make arrangements to surrender herself to authorities. One letter was sent regular mail and the other was sent certified mail. The certified letter was returned unclaimed.

On October 20, 1993, Ms. Vaughn was involved in an automobile accident. At the accident scene, a warrant check by police revealed the existence of the June warrant. Ms. Vaughn was booked into the Spokane County jail and released on personal recognizance the following day.

---

[2]The trial court and counsel agreed that the complaint and arrest warrant were filed on November 5, 1993. However, the records reflect filing of the complaint on November 17, 1993. Therefore, the court's findings as to the appropriate arraignment date and last date for trial are incorrect. However, the 12-day discrepancy does not impact the court's conclusion that the 90-day speedy trial date expired prior to April 6, 1995.

An information was filed in superior court on October 25, 1993. Arraignment was held on November 16, 1993. At arraignment, defense counsel objected to the arraignment as untimely and objected to the proposed trial date of December 12 on the ground the time for trial had already run pursuant to CrR 3.3.

On May 11, 1994, the trial court noted its decision in *State v. Francis*, No. 94-1-00065-0 (Spokane County Superior Court April 5, 1994) (order of dismissal) and concluded again that the State could not delegate its authority to DSHS. The time for trial was deemed to commence on June 23, 1993, when charges were filed. Noting that pursuant to CrR 3.3(c)(2), trial must be held no later than 90 days after date of arraignment less time elapsed in district court, the court found the last date for a speedy trial expired October 20, 1993.[3] Charges against Ms. Vaughn were dismissed with prejudice.

## MARLER APPEAL

Mr. Marler was charged with second-degree theft by complaint dated January 5, 1994, and filed in Spokane County District Court on January 13, 1994. An arrest warrant was issued on January 11, with bond fixed at $1,500.

On January 14, 1994, a representative of DSHS sent Mr. Marler a certified letter informing him of the criminal charges and the warrant and advising him to contact the sheriff's department to make an appointment to proceed with the arrest warrant. Mr. Marler signed the postal form acknowledging receipt of the letter on January 15.

The warrant for Mr. Marler's arrest was not executed until May 27, 1994, when he was stopped for a traffic infraction. He was booked and held until June 1, when he posted bond. An information was filed in Spokane County Superior Court on June 20, 1994. Mr. Marler appeared

---

[3]The court determined the time elapsed in district court commenced on the date the complaint was filed and terminated upon the filing of the information.

pro se at his arraignment that same day. Counsel subsequently appeared for Mr. Marler and filed a written objection to the arraignment and a CrR 3.3 motion to dismiss.

At the hearing on Mr. Marler's motion to dismiss, the trial court found the State made no attempt to serve the arrest warrant or mail a summons and notice. The court further found the delay was not caused by the fault or connivance of Mr. Marler. The court allowed 14 days for arraignment from the date the complaint was filed in district court, and determined that the speedy trial limit expired 90 days later, before the defendant was arrested. The charges against Mr. Marler were dismissed with prejudice on December 21, 1994.

## ISSUE AND CONTENTIONS

The issue presented in these appeals is whether the delay in arraigning the defendants should be excluded for purposes of calculating the commencement date for speedy trial purposes.

The State contends that under *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993) a lengthy delay between the filing of charges and arraignment can be excused if (a) the delay was caused by any fault or connivance of the defendant or (b) the State acted with due diligence in attempting to bring the defendant before the court. According to the State, there is no compelling policy reason why only investigating agencies possessing arrest powers can notify defendants that charges have been filed. The State reasons that DSHS is a governmental agency just like the prosecutor's office, and its timely notification of defendants constitutes due diligence on behalf of the State. The State also contends that because all defendants had notice of the charges by DSHS letter, they waived their rights to prompt arraignment under CrR 4.1, as well as their speedy trial rights under CrR 3.3.

## ANALYSIS

All three complaints were filed in district court. Infor-

mations were subsequently filed in superior court. At the time the complaints and informations were filed, defendants were not detained in jail or subject to conditions of release.

CrR 4.1 requires that a defendant be promptly arraigned after the indictment or information is filed.

CrR 3.3(c)(2) states in pertinent part:

> (i) If after proceedings have been initiated in district court an information . . . is filed with the superior court, and if at the time the information . . . is filed the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after the date of that appearance in superior court which next follows the filing of the information or indictment.

CrR 3.3(c)(2) also requires that a defendant released from jail, whether or not subjected to conditions of release pending trial, must be brought to trial not later than 90 days after arraignment, less time elapsed in district court.[4]

CrR 3.3 does not address the problem of long and unnecessary delays in initially bringing the defendants before the court. In this regard, *Greenwood* addresses the problem created when individuals are not informed in a timely manner that they have become criminal defendants and are not directed to appear in court to answer for the charges, and a long delay occurs before they even make their first appearance in court. *Greenwood*, 120 Wn.2d at 590. *Greenwood* held that if a long and unnecessary delay occurs in initially bringing a defendant before the court, and the defendant timely objects, a constructive arraignment date will be set. The constructive arraignment date is based on the last day the defendant could have properly

---

[4] " 'Time elapsed in district court' means the following: If at the time a complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, time elapsed in district court commences on the date of the defendant's appearance in district court which next follows the filing of the complaint. Time elapsed in district court ends with . . . the filing of an information . . . in superior court."

CrR 3.3(c)(2)(ii).

been arraigned. The time for calculating a timely trial then commences on this constructive arraignment date, not on the date the defendant was actually arraigned. *Greenwood*, 120 Wn.2d 585; CrR 3.3(c)(4).

Prior to *Greenwood*, *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976), held that if a long and unnecessary delay occurred in bringing a defendant who is amenable to process before the court, CrR 3.3's 90-day trial period is deemed to commence at the time the information was filed. However, at the time *Striker* was decided, CrR 3.3 provided that the start of the defendant's time for trial calculation began with the defendant's preliminary appearance, and the earliest date on which a preliminary appearance would be made under that rule was the day the information was filed. *Greenwood* held that *Striker* applies to the present version of CrR 3.3(c)(1)—cases filed directly in superior court—to establish a constructive arraignment date of 14 days after the information was filed. Therefore, when *Striker* applies under the present version of CrR 3.3(c)(1), a defendant must be brought to trial 90 days after the constructive arraignment date.

As noted above, CrR 3.3(c)(2) is at issue here, not CrR 3.3(c)(1). However, CrR 3.3(c)(1) also establishes the defendant's arraignment date as not later than 14 days after that appearance in superior court which next follows the filing of the information, whenever the defendant is not detained in jail or subjected to conditions of release. Further, CrR 3.3(c)(1), like CrR 3.3(c)(2), requires that a defendant released from jail, whether or not subjected to conditions of release pending trial, shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court. The only difference between the subparts on this point is that CrR 3.3(c)(2) subtracts from this 90-day period the time elapsed in district court. Given the comparable language in subparts (1) and (2) of CrR 3.3(c), *Greenwood* and *Striker* apply to CrR 3.3(c)(2) in the same way they apply to CrR 3.3(c)(1).

A defendant who is not promptly arraigned must raise

this objection at the time of his or her arraignment or such objection is waived. CrR 3.3(e); *Greenwood*, 120 Wn.2d at 598. In each of the prosecutions at issue, the trial court determined that defendants had not been promptly arraigned and defense counsel had timely objected. We agree. The trial court established constructive arraignment dates and in each case determined the established trial dates violated the defendant's speedy trial rights. Again, we agree.

Thirty-seven days transpired from the time the complaint was filed until the day Ms. Vaughn was arraigned (although 49 days transpired, 12 were at the request of defendant); 146 days transpired from the time the complaint was filed until the day Ms. Francis was arraigned; and 158 days transpired from the time the complaint was filed until the day Mr. Marler was arraigned. There was no indication any of the defendants were not amenable to process during these periods. These delays are sufficient under *Greenwood* to consider whether *Striker* and CrR 3.3 require the court to establish a constructive arraignment date. *Greenwood*, 120 Wn.2d at 599-600.

■ ■ *Striker* does not apply to exclude from a defendant's time for trial period any delay resulting from any fault or connivance on the defendant's part nor any period of time during which the prosecution acts in good faith and with due diligence in attempting to bring the defendant before the court. *Greenwood*, 120 Wn.2d at 600. In each of these appeals, the State contends it was the defendant's fault there was no prompt arraignment. According to the State, the right to prompt arraignment is waived when a defendant with knowledge of the charge declines to act upon the information or otherwise to indicate a desire to be promptly arraigned. The State also contends it acted in good faith and with due diligence in attempting to arraign the defendants. It cites *State v. Kitchen*, 75 Wn. App. 295, 877 P.2d 730 (1994); *State v. Bryant*, 74 Wn. App. 301, 872 P.2d 1142 (1994); and *State v. Hunsaker*, 74 Wn. App. 209, 873 P.2d 546, *review denied*, 125 Wn.2d 1002 (1994), as authority.

The question of fault, due diligence and good faith turn on the facts of each individual case. In *Kitchen*, the court sent a summons to defendant by first-class mail. The mail was not returned, but defendant swore he never received the summons. *Kitchen* stated that trial courts should presume a notice sent regular first-class mail to the defendant's correct address and not returned to the sender was delivered and that defendant was given notice of filed charges such that a nonappearance at the scheduled arraignment will normally "implicate fault on the part of the defendant" for purposes of CrR 3.3 and *Striker*. However, because the presumption is rebuttable, *Kitchen* remanded the matter for entry of a finding as to whether defendant had received actual notice.

The defendant in *Bryant* did not challenge the trial court's finding that he was given notice of his first arraignment date, that he called the prosecutor's office to reschedule the date, and that he was informed of a new arraignment date. The defendant did not appear on the day of the rescheduled arraignment. Based on these findings, the appellate court concluded, as the trial court did, that the delay in arraigning defendant was due to his own fault. Since it was defendant's fault, *Bryant* did not inquire into whether the State acted in good faith and with due diligence in attempting to bring the defendant before the court. *Bryant*, 74 Wn. App. at 305.

In *Hunsaker*, the prosecutor mailed defendant notices of arraignment to two addresses he had given police. One letter was not returned. *Hunsaker* held that where the prosecution mails a notice of arraignment to an address given by defendant and the notice is not returned, the reasonable inference is the defendant received it and the prosecution has therefor acted with due diligence and the delay in arraignment is exempt from speedy trial calculations. *Hunsaker*, 74 Wn. App. at 211.

■■ *Bryant*, *Hunsaker* and *Kitchen* are distinguishable from these appeals in two important respects. First, unlike the notices at issue which told each defendant "to

make an appointment," the notices in those three cases contained established court dates. Second, the notice in *Hunsaker* was sent by the court and the notices in *Bryant* and *Kitchen* were sent by the prosecutor's office. In these appeals, the notices were sent by DSHS. These facts bear on the question of defendants' fault as well as on the question whether the State exercised good faith and due diligence. Given these factual differences, we conclude the delays at issue were not the fault of any of the defendants. Further, the prosecutor did not exercise due diligence or good faith by relying on or attempting to delegate its authority to DSHS to bring defendants before the court. As the trial court concluded in each prosecution, there was and is no legal basis for such attempted delegation, and reliance on another agency would create a whole new set of problems for the judicial system. Based on the constructive arraignment dates properly established by the trial court, the CrR 3.3 speedy trial rights of defendants were violated.

We affirm the dismissal of charges in each of these appeals.

SWEENEY, C.J., and SCHULTHEIS, J., concur.

Review denied at 129 Wn.2d 1024 (1996).