[No. 27027-3-I.    Division One.    May 23, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. DONALD D. BRYANT, *Appellant.*

*Eric Broman* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Lloyd Corgan, Deputy,* for respondent.

KENNEDY, J. — Donald Bryant appeals from the judgment and sentence entered following his conviction of theft in the first degree by welfare fraud. The appeal was stayed pending the Supreme Court's decision in *State v. Greenwood,* 120 Wn.2d 585, 845 P.2d 971 (1993). Bryant's conviction is affirmed.

## FACTS

On February 21, 1989, Bryant was charged with one count of theft in the first degree. Bryant was arraigned on the charge more than a year later on May 22, 1990. Bryant filed a written objection to the date of arraignment. A pretrial hearing was conducted to determine whether Bryant's right to a speedy trial under CrR 3.3 was violated.

The Superior Court denied Bryant's motion to dismiss and entered the following findings that are unchallenged on appeal:

(1) On February 21, 1989 Defendant Donald Bryant was charged with First Degree Theft by means of welfare fraud in the King County Superior Court under above-referenced cause number.

(2) Arraignment of Defendant was set for March 2, 1989 and Defendant was sent notice of this arraignment date on February 23, 1989 to his address in Spokane.

(3) On March 1, 1989 Defendant called the King County Prosecuting Attorney's Office and requested a continuance of the arraignment date due to snow conditions over the Pass. As a result of this phone call the arraignment date was continued to March 6, 1989 and the Defendant was so informed.

(4) On March 6, 1989 Defendant failed to appear at the scheduled arraignment and as a result a bench warrant was issued and forwarded to the King County Sheriff's Office for the arrest of the Defendant. Upon receipt of this bench warrant, the King County Sheriff's Office forwarded the warrant to Spokane County where the Defendant resided.

(5) The King County Prosecuting Attorney and the King County Sheriff's Office were aware of Mr. Bryant's address in Spokane County at the time of the original arraignment date.

(6) It is unknown what steps, if any, were taken by the Spokane County Sheriff's Office with reference to the bench warrant.

(7) The Defendant was subsequently arrested on May 18, 1990 and was arraigned on this charge on May 22, 1990. At arraignment Mr. Bryant filed an objection to the date of arraignment.

The court concluded that since Bryant

had full knowledge of the charges and the new arraignment date, he bears sole responsibility for the delay between the filing of the charges and the date of arraignment resulting from his failure to appear for the arraignment.

A stipulated trial was conducted. Bryant was convicted as charged and a standard range sentence was imposed.

## DECISION

CrR 3.3 provides that defendants who are not detained in jail or subject to conditions of release pending arraignment "shall be arraigned not later than 14 days after that appearance in superior court which next follows the filing of the information or indictment." CrR 3.3(c)(1). The rule further provides that defendants who remain out of custody must be brought to trial no later than 90 days after their arraignment. CrR 3.3(c)(1). As noted in *State v. Greenwood*, 120 Wn.2d at 590, application of this rule becomes difficult

[i]f individuals are not informed in a timely manner that they have become criminal defendants, and not directed to appear in court to answer for the charge, a long delay could occur before they ever make their first appearance in court. CrR 3.3 addresses the problem of untimely *arraignments*, but it does not address the problem of long and unnecessary delays in initially bringing defendants before the court.

(Footnote omitted.)

In order to address this problem, the Supreme Court held that when a long delay occurs between the filing of an information and the defendant's arraignment the *Striker* rule applies. *Greenwood*, 120 Wn.2d at 595 (citing *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976)). Under *Striker*, when there is an unnecessary delay between the filing of an information and the defendant's arraignment, a constructive arraignment date 14 days after the filing of the information is established. The time for trial commences on the constructive arraignment date. *Greenwood*, 120 Wn.2d at 599.

In the case at bar, the parties agree that the delay between the filing of the information against Bryant and his arraignment was sufficiently lengthy to warrant consideration of the *Striker* rule. The parties disagree as to whether the delay should be excluded from Bryant's speedy trial calculation.

Only unnecessary delay will result in the application of the *Striker* rule. If the State acts in good faith and with due diligence in attempting to bring the defendant before the court for arraignment, the delay will be considered unavoidable and a constructive arraignment date will not be set. *Greenwood*, 120 Wn.2d at 601. Likewise, any delay caused by the defendant's fault or connivance is excluded from the defendant's time for trial calculations under the *Striker* rule. *Greenwood*, 120 Wn.2d at 605.

Bryant argues that the Superior Court erred in concluding that the delay between filing and arraignment was Bryant's fault, "thereby implicitly excusing the State from exercising good faith and due diligence in attempting to find" him. Br. of Appellant, at 2. Bryant contends that the State failed to pursue "the most obvious lead available to it: 'Mr. Bryant's actual, correct address' ". Br. of Appellant, at 18. He complains that the prosecutor's office failed to mail a second notice informing him of the rescheduled arraignment date and that the office made no effort whatsoever to follow up on the warrant until after he had already been booked into the King County Jail. This argument is not persuasive.

■ As noted above, this appeal was stayed pending our Supreme Court's decision in *State v. Greenwood, supra.* In *Greenwood,* the court clearly stated that

the court will not establish a constructive arraignment date if the delay was caused by any fault or connivance on the defendant's part, *or* if the prosecution acted in good faith and with due diligence in attempting to bring the defendant before the court.

(Italics ours.) *State v. Greenwood,* 120 Wn.2d at 615.

The unchallenged findings of the Superior Court, which are verities in this appeal, are that Bryant was given notice of his first arraignment date, he called the prosecutor's office to reschedule his arraignment and he was informed of the new date. *State v. Handburgh,* 61 Wn. App. 763, 766, 812 P.2d 131 (1991) (unchallenged findings are verities), *rev'd on other grounds,* 119 Wn.2d 284, 830 P.2d 641 (1992). Under these circumstances, the State was entitled to assume that Bryant was well aware of his arraignment date and that his failure to appear was volitional. Accordingly, it is fair to conclude, as the trial court did, that the delay in arraigning Bryant was due to his own fault. Under the authority of *Greenwood,* Bryant's fault vitiates any inquiry into whether the State acted in good faith and with due diligence in attempting to bring Bryant before the court.[1]

We recognize that our analysis in the case at bar may appear to represent a departure from the analysis we employed when faced with similar facts in *Seattle v. Henderson,* 67 Wn. App. 369, 841 P.2d 761 (1992). In *Henderson,* the defendant was aware of his arraignment date, but failed to appear. While we ascribed the first 7 months of subsequent delay to the defendant, information later acquired by the State caused us to inquire whether the State had exer-

---

[1]Bryant cites *State v. Hunnel,* 52 Wn. App. 380, 760 P.2d 947 (1988) and *State v. Wirth,* 39 Wn. App. 550, 694 P.2d 1113, *review denied,* 103 Wn.2d 1027 (1985) for the proposition that the State cannot claim that it made a good faith effort to locate him because it failed to utilize the information available. Bryant's reliance on these cases is misplaced for two reasons. Byrant's case is factually distinguishable from both *Hunnel* and *Wirth* because neither of the defendants in those cases were provided notice of their arraignment dates. Secondly, both cases were decided prior to *State v. Greenwood, supra.*

cised good faith and due diligence once the information was received. We concluded that the State had. *Henderson,* 67 Wn. App. at 377.

*Henderson* was decided without the benefit of *State v. Greenwood, supra.* Given the Supreme Court's clear statement that a constructive arraignment date will not be established if the delay in arraignment resulted from the defendant's fault or connivance *or* the State acted in good faith and with due diligence in attempting to bring the defendant before the court, we conclude that the due diligence inquiry in *Henderson* is superfluous. The finding that the initial delay resulted from the Defendant's fault was sufficient to resolve the issue.

The judgment of the trial court is affirmed.

BAKER and BECKER, JJ., concur.