[No. 48205-0-I.   Division One.   July 15, 2002.]

THE STATE OF WASHINGTON, *Petitioner*, v. MICHAEL J. FRANK, *Respondent*.

*David S. McEachran, Prosecuting Attorney,* and *Thomas E. Seguine, Deputy,* for petitioner.

*Jason B. Saunders* (of *Washington Appellate Project*), for respondent.

Cox, A.C.J. — At issue is whether the arraignment procedures of the Whatcom County District Court violate due process so as to require the setting of a constructive arraignment date. Because there was no violation of due process and Michael Frank fails to establish prejudice, we reverse the decision of the superior court and reinstate his conviction for driving under the influence.

The facts are undisputed. On June 12, 1995, Frank was arrested for driving under the influence of an intoxicant (DUI) and driving with a suspended license. That evening, he was released on his personal recognizance. At the time of release, he received a copy of the citation and signed a promise to appear in Whatcom County District Court on June 16, 1995 at 8:45 A.M. The signed promise to appear warned that failure to do so could result in issuance of a bench warrant. Neither the citation nor the promise to appear specifically directed Frank to check in with the

district court clerk at the time of his scheduled arraignment. The record shows that Frank did not check in with the district court clerk either on the scheduled date of arraignment or during the following three-week period. Approximately four weeks after his scheduled arraignment, the court issued a bench warrant for Frank's arrest.

For reasons the record does not explain, the warrant was served on Frank more than three and one-half years later. He moved to dismiss the charges against him based on violation of his right to speedy trial. In April 1999, the district court denied Frank's motion to dismiss. Thereafter, the court immediately held a stipulated bench trial, and found Frank guilty of DUI. The State agreed to dismiss the charge of driving with a suspended license.

A RALJ (Rules for Appeal of Decisions of Courts of Limited Jurisdiction) appeal followed. In superior court, Frank maintained that he had not received adequate notice of the date and time of the arraignment. He also argued that the record was insufficient to establish that he had failed to appear. For the first time, he further argued that the district court's arraignment procedure violated due process. Initially, the superior court orally ordered that the case be remanded for additional evidence on the arraignment procedures of the district court. The State moved for reconsideration, attaching a declaration by Whatcom County District Court's supervising clerk in which she detailed the procedures followed on the day of Frank's scheduled arraignment.

The superior court granted the motion for reconsideration, but dismissed the case on due process grounds.

We granted discretionary review.

## Preservation and Invited Error

As a preliminary matter, the State argues that Frank's failure to raise his due process argument before the district court precluded the superior court and bars this court from considering that argument on appeal. We disagree.

██ The State correctly points out that Frank did not articulate his due process argument in the district court.

Rather, he argued that the State failed to provide him with adequate notice of his arraignment and failed to keep an adequate record showing that he did not appear.

For the first time during oral argument on appeal to the superior court, Frank argued that Whatcom County's arraignment procedures had deprived him of his constitutional right to due process. Noting the absence of an adequate record as to the procedures followed by the district court on the date of Frank's scheduled arraignment in 1995, the superior court judge orally remanded the case for additional evidence. But the court also granted the State's motion to reconsider its remand order. Thus, the State provided the information that would have been obtained on remand. Furthermore, it had the opportunity to brief the new due process issue first raised on appeal.

We do not condone the procedure that Frank followed here, first raising an issue on RALJ appeal when he had full opportunity to do so in the district court. But we fail to see how the State suffered prejudice. The superior court considered the additional evidence submitted on the State's reconsideration motion following the court's oral decision to remand the case for additional evidence. The State does not argue that it was deprived of the opportunity to either fully supplement the record or brief the new issue. On these facts, the issue was properly before the superior court and is properly before us.[1]

The State also argues that the invited error doctrine precludes Frank from raising this issue on appeal. The State notes that Frank advised the district court that there were no factual issues, but then took the opposite position on appeal to the superior court when he argued that the State had failed to establish that he did not appear for his arraignment. But the doctrine of invited error does not apply under these circumstances.

---

[1] *See* RALJ 1.2 and RAP 1.2(a), which both provide that "[t]hese rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits."

The doctrine of invited error precludes a party from benefiting from an error that he introduced at the trial court level.[2] Here, the fact that Frank initially told the district court that the issue before it was a legal one did not prejudice the State, and Frank received no subsequent benefit. Although Frank did not articulate his due process argument in the district court, he did point to the problems raised by the inadequate evidentiary record. Moreover, once Frank explained his due process argument on appeal and reiterated his belief that the record was inadequate, the superior court initially ordered a remand for additional evidence. In response, the State provided the additional evidence to have been obtained on remand. We thus conclude that the invited error doctrine does not apply to bar consideration of the due process claim.

## Due Process

The central issue is whether the district court's arraignment procedure denied Frank his constitutional right to due process. Frank argues that the procedure violates due process because the names of individuals who do not check in at the clerk's office are not called in open court at the time of scheduled arraignment. We hold that this procedure is constitutionally sound.

RALJ 9.1 governed the superior court's review of the district court's decision, and governs this court's review as well.[3] Under RALJ 9.1, this court reviews the district court's decision for errors of law.[4] This court reviews the district court's factual findings to determine whether they are supported by substantial evidence.[5]

---

[2] *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 10 P.3d 380 (2000).

[3] RALJ 9.1; *State v. Ford*, 110 Wn.2d 827, 829, 755 P.2d 806 (1988).

[4] RALJ 9.1(a) ("The superior court shall review the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law.").

[5] RALJ 9.1(b) ("The superior court shall accept those factual determinations supported by substantial evidence in the record (1) which were expressly made by

Under the Fourteenth Amendment to the United States Constitution, no state shall "deprive any person of life, liberty, or property without due process of law." Article I, section 3 of the Washington Constitution similarly provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." There are no material differences between the two due process clauses, and the protection they afford is virtually identical.[6]

■ "Due process requires an opportunity for a hearing appropriate to the nature of the case."[7] The court should tailor the procedural safeguards "to the specific function to be served."[8] Whether this standard is met:

> turns on the balancing of three distinct factors: the private interests affected by the proceeding; the risk of error created by the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and the countervailing governmental interest supporting use of the challenged procedure.[9]

■■ On balance, these factors establish that the County's arraignment procedures comport with due process. Although Frank's liberty interest is substantial, the risk of the County's arraignment procedures having an adverse impact on that interest is extremely low. Susan Olson, a supervising clerk for the Whatcom County District Court, has explained the procedures used by the court on the date of Frank's June 16, 1995 arraignment. She stated in her declaration that:

> On that day, a Friday, people appearing for arraignment were first instructed to check in with the clerk. After checking in

the court of limited jurisdiction, or (2) that may reasonably be inferred from the judgment of the court of limited jurisdiction.").

[6] See *In re Pers. Restraint of Matteson*, 142 Wn.2d 298, 310, 12 P.3d 585 (2000); *State v. Wittenbarger*, 124 Wn.2d 467, 480, 880 P.2d 517 (1994).

[7] *In re Interest of M.B.*, 101 Wn. App. 425, 470, 3 P.3d 780 (2000), *review denied sub nom. In re Interest of Hansen*, 142 Wn.2d 1027 (2001) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950)).

[8] *In re M.B.*, 101 Wn. App. at 470 (citing *Goldberg v. Kelly*, 397 U.S. 254, 268-69, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970)).

[9] *In re M.B.*, 101 Wn. App. at 470-71 (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)).

with the clerk, those people were instructed to report to a specific courtroom. After checking in, files for those people who reported were sent to the courtroom; if a person was scheduled for arraignment and did not report to the clerk, that person's case file would not be sent to the courtroom. It therefore would not be called by the court. Therefore no immediate warrant would be issued. In such case the clerk would prepare a warrant after the passage of an uncertain period of time, usually between one to three weeks.[10]

Additionally, the prosecutor represented to the superior court that there is a sign in the Whatcom County Courthouse directing people scheduled for arraignment to the clerk's office.[11] That representation remains unrefuted in the record before us.

Even if an individual arriving for arraignment somehow missed the sign directing them to the clerk's office or for other reasons did not check in at the clerk's office, we believe that individual would likely ask where to go. Frank does not explain why we should reach a contrary conclusion on this precise point. In light of these procedural safeguards, the risk that someone might appear for an arraignment, not see the sign directing them to the clerk's office, not get to that office to check in, and leave without being arraigned, is minimal. The risk of error created by the procedures used is thus quite low.

Given the low risk of error, we conclude that the probable value, if any, of additional or substitute procedural safeguards is correspondingly slight. We agree that it would not be an undue burden for the court or the clerk to call out in open court the names of those scheduled for arraignment but who have not checked in with the clerk's office. But the probable value of this additional procedural safeguard is minimal in light of the fact that court personnel and a sign

---

[10] Clerk's Papers, at 28-29.

[11] "(Prosecutor:) Let me tell you what happens on arraignment day up in District Court, your Honor. When people arrive on the 4th floor on any morning there's a sign which tells them to report into the clerk's office. When they report into the clerk's office their name is, actually there's a record made for the judge that they're present and then those people who show up for cases for which people are there they actually call in court. If someone does not appear at the clerk's office, the case is not called. We have gone up and looked at the roster which was created by the District Court Clerk for those days and Mr. Frank's name is absent." Report of Proceedings (April 18, 2000) at 11.

in the courthouse instruct individuals arriving for arraignments to first check in at the clerk's office.

Finally, we note that Whatcom County has an interest in conducting arraignments efficiently. Focusing the time of the court on dealing with those who have appeared promotes judicial economy in the use of scarce resources. That countervailing governmental interest supports the use of the challenged procedure.

We thus hold that the County's arraignment procedures comport with the due process requirements of our State and Federal constitutions.[12]

A necessary part of Frank's challenge to the constitutional sufficiency of the County's arraignment procedure is for him to establish prejudice. He has not, and that failure is fatal to his due process claim.

In the context of prosecutorial delay, the United States Supreme Court and our Supreme Court have held that "proof of prejudice is generally a necessary . . . element of a due process claim."[13] Frank has failed to establish that the district court's arraignment procedures actually prejudiced him. Despite several opportunities to do so, Frank has failed to assert that he appeared in court for his arraignment on June 16, 1995, as he promised to do in writing. He simply maintains that he *could* have gone to the courtroom without checking in at the clerk's office and *could* have left without being arraigned. But absent some assertion on his part that he *did* appear in court but was not arraigned due to the court's allegedly deficient procedures, he has failed to establish that he suffered any prejudice. His due process claim accordingly fails.

---

[12] Notwithstanding the constitutional validity of the procedure, the district court may wish to consider whether it should take steps to call in open court the names of those scheduled for arraignment but who have not checked in with the court clerk. We see no reason why this should detract substantially from the efficient operation of arraignments.

[13] *United States v. Lovasco*, 431 U.S. 783, 790, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977); *State v. Cantrell*, 111 Wn.2d 385, 758 P.2d 1 (1988). *See also Hypolite v. Blackman*, 57 F. Supp. 2d 128, 133 (M.D. Pa. 1999) (recognizing that "[i]njury is an essential element of a due process claim, as it is of any claim") (citation omitted).

Speedy Trial

■ We turn next to the underlying question of whether the district court erred by not setting a constructive arraignment date, resulting in a violation of Frank's right to a speedy trial under the court rules. We hold that there was no such violation.

Where "there is an unnecessary delay between the filing of an information and the defendant's arraignment, a constructive arraignment date 14 days after the filing of the information is established."[14] Under this rule, "[t]he time for trial commences on the constructive arraignment date." This rule applies only in cases involving unnecessary delay.[15] "[A]ny delay caused by the defendant's fault or connivance is excluded from the defendant's time for trial calculations under the *Striker* [*State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976)] rule."[16]

In *Bryant*, the defendant received notice of an arraignment date and called the prosecutor's office to reschedule. Bryant was informed of a new date, but failed to appear at the rescheduled arraignment. A bench warrant was issued, and authorities arrested him more than a year later. He was arraigned four days after his arrest.[17] We rejected Bryant's speedy trial challenge, concluding that "the State was entitled to assume that Bryant was well aware of his arraignment date and that his failure to appear was volitional."[18]

Here, we hold that the arraignment procedures are constitutionally sound. We accordingly conclude that the State adequately established that Frank failed to appear at

[14] *State v. Bryant*, 74 Wn. App. 301, 304, 872 P.2d 1142 (1994) (citing *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976)).

[15] *Bryant*, 74 Wn. App. at 304.

[16] *Bryant*, 74 Wn. App. at 304 (citing *State v. Greenwood*, 120 Wn.2d 585, 605, 845 P.2d 971 (1993)).

[17] *State v. Bryant*, 74 Wn. App. 301, 302-03, 872 P.2d 1142 (1994).

[18] *Bryant*, 74 Wn. App. at 305.

his scheduled arraignment. As in *Bryant*, Frank received notice of his arraignment date but failed to appear. The State was entitled to assume that Frank was aware of his arraignment date and that his failure to appear was volitional. Because his failure to appear was volitional, it was not necessary for the court to establish a constructive arraignment date. Thus, there was no violation of the speedy trial rule when Frank was brought to trial well after his initial scheduled arraignment date.

We reverse the superior court order and reinstate the conviction.

AGID and SCHINDLER, JJ., concur.

Reconsideration denied August 28, 2002.