[No. 23693-5-III.   Division Three.   May 4, 2006.]

THE STATE OF WASHINGTON, *Respondent,* v. CINDY L. VAN TUYL, *Petitioner.*

*Kelly W. Padgham* (of *Phillabaum, Ledlin, Matthews & Sheldon, P.L.L.C.*), for petitioner.

*Gary A. Riesen, Prosecuting Attorney,* and *Amee Jean S. Tilger, Deputy,* for respondent.

¶1 BROWN, J. — We analyze the interplay between the restraining order provisions in chapter 26.09 RCW (marriage dissolution) and chapter 26.50 RCW (domestic violence). During Cindy Van Tuyl and James Van Tuyl's marriage dissolution, the court granted a temporary restraining order (TRO) under chapter 26.09 RCW. Ms. Van Tuyl was later charged and convicted of violating the order under chapter 26.50 RCW. We hold RCW 26.09.300(1) sets the knowledge requirement consistent with RCW 26-.50.110(1) despite the actual notice language of RCW 26-.09.050(2). A TRO issued under chapter 26.09 RCW can serve as a basis for criminal prosecution under chapter 26.50 RCW with general knowledge as the required intent element. Additionally, we reject Ms. Van Tuyl's ineffective counsel and insufficient evidence claims. Accordingly, we affirm.

## FACTS

¶2 Mr. Van Tuyl petitioned for marriage dissolution in October 2002. On January 23, 2003, the trial court entered a TRO under RCW 26.09.060, .110, .120, and .194, ordering the parties to restrain "from molesting or disturbing the peace of the other" and "from going onto the grounds of or entering the home or working place or school of the other party." Clerk's Papers (CP) at 308. Conforming to Washing-

ton's pattern domestic relations forms, the order stated in two places:

VIOLATION OF A RESTRAINING ORDER IN PARAGRAPH 3.1 WITH ACTUAL NOTICE OF ITS TERMS IS A CRIMINAL OFFENSE UNDER CHAPTER 26.50 RCW AND WILL SUBJECT THE VIOLATOR TO ARREST. RCW 26.09.060.

CP at 308.

¶3 Ms. Van Tuyl was unrepresented by counsel when the TRO was entered. Mr. Van Tuyl's attorney testified he mailed a proposed order and notice of the presentment hearing to Ms. Van Tuyl and then mailed her a copy of the signed TRO at her last known address. The documents were not returned as undeliverable.

¶4 On May 22, 2003, Mr. Van Tuyl contacted the authorities to report Ms. Van Tuyl's proscribed presence on his garage driveway. Ms. Van Tuyl was charged with violating a court order under RCW 26.50.110(1). On May 24, 2003, Mr. Van Tuyl contacted the authorities to report Ms. Van Tuyl repeatedly called his place of work to harass him. She was again charged with violating a court order under RCW 26-.50.110(1).

¶5 Pretrial, Ms. Van Tuyl unsuccessfully requested the trial judge recuse herself. Although allowed by the trial court, counsel did not request reconsideration.

¶6 During trial, Ms. Van Tuyl called her dissolution attorney, Laurie Daviess-White, who testified Ms. Van Tuyl was unrepresented when the TRO was entered. Further, Ms. Daviess-White testified she told Ms. Van Tuyl about the restraining order at a show cause hearing in March 2003. Ms. Van Tuyl admitted knowing about the TRO on May 22, 2003 and May 24, 2003.

¶7 The court instructed, without objection, that to convict Ms. Van Tuyl, the jury must find on May 22, 2003 and May 24, 2003 she "knew of the existence of the restraining order." CP at 383-84—jury instructions 9 and 10. Ms. Van Tuyl was convicted. Over Ms. Van Tuyl's actual notice argument, the superior court affirmed. We granted discre-

tionary review to examine the interplay between chapter 26.09 RCW and chapter 26.50 RCW.

## ANALYSIS

### A. Restraining Order Convictions

¶8 The initial issue is whether the trial court erred in ruling Ms. Van Tuyl's conviction was proper under chapter 26.50 RCW for violating a restraining order issued under chapter 26.09 RCW. Alternatively, Ms. Van Tuyl assigns error to her convictions using general knowledge as an element rather than actual notice.

¶9 RALJ 9.1 governs review of Ms. Van Tuyl's district court convictions. *State v. Frank*, 112 Wn. App. 515, 520, 49 P.3d 954 (2002). We review district court decisions for errors of law and to determine whether the factual findings are supported by substantial evidence. *State v. Brokman*, 84 Wn. App. 848, 850, 930 P.2d 354 (1997).

¶10 Before June 2000, former RCW 26.09.050(2) (1995) required marriage dissolution TROs to prominently warn "VIOLATION OF THIS ORDER WITH ACTUAL NOTICE OF ITS TERMS IS A CRIMINAL OFFENSE UNDER *CHAPTER 26.09* RCW AND WILL SUBJECT A VIOLATOR TO ARREST." (Emphasis added.)

¶11 On June 8, 2000, the legislature amended RCW 26.09.050(2) to change the criminal offense statute to chapter 26.50 RCW. LAWS OF 2000, ch. 119, §§ 6, 7. Under RCW 26.50.110(1), violation of a protection order issued under chapter 26.50 or "26.09" is a gross misdemeanor. As later approved by Division Two of this Court, a violation of an order issued under chapter 26.09 RCW can serve as a basis for criminal prosecution under RCW 26.50.110. *State v. Turner*, 118 Wn. App. 135, 143, 74 P.3d 1215 (2003), *review denied*, 151 Wn.2d 1015 (2004). By changing the criminal offense statute, our legislature clearly intended chapter 26.50 RCW to be the criminal offense statute for prosecution. The pattern domestic relations forms used

here were amended in September 2000 and contain the proper warnings.

¶12 Ms. Van Tuyl, arguing a due process denial, contends she lacked the proper notice for conviction. Under RCW 26.09.300(2), a person has notice of a TRO if: "(a) The person to be restrained or the person's attorney signed the order; (b) The order recites that the person to be restrained or the person's attorney appeared in person before the court; (c) The order was served upon the person to be restrained; or (d) The peace officer gives the person oral or written evidence of the order by reading from it or handing to the person a certified copy of the original order."

¶13 CR 5(b)(2)(A) allows service by mailing a copy to the last known address of the person to be served. Service by mail is complete on mailing. CR 5(b)(2)(A). Here, Mr. Van Tuyl's attorney testified he mailed copies of a proposed order and notice of the presentment hearing to Ms. Van Tuyl and then mailed her a copy of the signed order to her last known address. Counsel did not receive any returned, undeliverable mail. Accordingly, the service provided by Mr. Van Tuyl's counsel satisfied the notice requirements of RCW 26.09.300(2)(c).

¶14 Regarding procedural due process, generally we do not review constitutional issues not raised before the trial court unless they involve a manifest error, affecting a constitutional right. RAP 2.5(a). Since the notice requirements were satisfied under RCW 26.09.300(2)(c), Ms. Van Tuyl's alleged due process error is not manifest.

¶15 Alternatively, Ms. Van Tuyl contends the "to convict" jury instructions were erroneous because the court failed to instruct the jury that actual notice was an essential element of the crimes charged. Instead, the trial court gave a general knowledge instruction. We review de novo whether a jury instruction accurately states the law without misleading the jury. *State v. Linehan*, 147 Wn.2d 638, 643, 56 P.3d 542 (2002). "Jury instructions are sufficient if they are supported by substantial evidence, allow the parties to argue their theories of the case, and when read as

a whole properly inform the jury of the applicable law." *State v. Clausing*, 147 Wn.2d 620, 626, 56 P.3d 550 (2002).

■ ¶16 The jury must be instructed on all essential elements of the crime charged. U.S. CONST. amend. VI; CONST. art. I, § 22. An instruction omitting an essential element of a crime relieves the State of its burden of proving each element of the crime beyond a reasonable doubt. *Linehan*, 147 Wn.2d at 654. Such an error is a violation of due process and harmless only if the reviewing court is "convinced beyond a reasonable doubt any reasonable jury would reach the same result absent the error." *Id.*

■ ¶17 Under RCW 26.50.110(1), violating a restraining order is a gross misdemeanor. The offense requirements are specified in RCW 26.09.300(1) and RCW 26.50.110(1):

> Whenever an order is granted under this chapter, chapter 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or there is a valid foreign protection order as defined in RCW 26.52.020, and *the respondent or person to be restrained knows of the order*, a violation of the restraint provisions, or of a provision excluding the person from a residence, workplace, school, or day care, or of a provision prohibiting a person from knowingly coming within, or knowingly remaining within, a specified distance of a location, or of a provision of a foreign protection order specifically indicating that a violation will be a crime, for which an arrest is required under RCW 10.31.100(2) (a) or (b), is a gross misdemeanor except as provided in subsections (4) and (5) of this section.

RCW 26.50.110(1) (emphasis added).

¶18 However, Ms. Tuyl points out RCW 26.09.050(2) requires a TRO issued under chapter 26.09 RCW to prominently bear the following statement: "VIOLATION OF THIS ORDER WITH *ACTUAL NOTICE* OF ITS TERMS IS A CRIMINAL OFFENSE UNDER CHAPTER 26.50 RCW AND WILL SUBJECT A VIOLATOR TO ARREST." (Emphasis added.) While this required statement uses the term "actual notice," RCW 26.09.300(1) specifies knowledge is required for punishment under chapter 26.50 RCW, using language similar to RCW 26.50.110(1):

Whenever a restraining order is issued under this chapter, *and the person to be restrained knows of the order*, a violation of the provisions restricting the person from acts or threats of violence or of a provision restraining the person from going onto the grounds of or entering the residence, workplace, school, or day care of another, or prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location, is punishable under RCW 26.50.110.

RCW 26.09.300(1) (emphasis added).

¶19 We conclude jury instructions 9 and 10 properly use the statutory language set forth in RCW 26.09.300(1) and RCW 26.50.110(1) for the knowledge element of the crimes charged. Even if erroneous, the error would be harmless under our facts. Mr. Van Tuyl's attorney mailed copies of a proposed order and notice of the presentment hearing to Ms. Van Tuyl and then mailed her a copy of the signed order. Mr. Van Tuyl's attorney testified he notified Ms. Van Tuyl about the restraining order in March 2003. And, Ms. Van Tuyl admitted knowing about the restraining order on May 22, 2003 and May 24, 2003. Thus, beyond a reasonable doubt, any reasonable jury would reach the same result absent the error.

## B. Assistance of Counsel

¶20 Ms. Van Tuyl contends she was denied effective assistance of counsel because defense counsel (1) failed to request reconsideration of the trial judge's refusal to recuse herself, (2) offered the testimony of Ms. Van Tuyl's dissolution attorney, (3) failed to present testimony to prove Ms. Van Tuyl came on Mr. Van Tuyl's property on May 22, 2003 only to retrieve flowers, (4) failed to object to jury instructions 9 and 10, and (5) failed to request dismissal at the close of the State's case.

¶21 Ineffective assistance of counsel claims must show "(1) defense counsel's representation was deficient, *i.e.*, it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2)

defense counsel's deficient representation prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (citing *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987) (applying the two-prong test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). We begin with "a strong presumption counsel's representation was effective" and must base our determination on the record below. *McFarland*, 127 Wn.2d at 335. Ms. Van Tuyl "must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel." *Id.* at 336.

¶22 Ms. Van Tuyl fails to meet her burden. First, under our review standard, we presume counsel did not seek reconsideration of the recusal decision based on lack of supporting evidence in the record. Second, defense counsel properly called Ms. Van Tuyl's dissolution attorney to testify Ms. Van Tuyl was not represented when the TRO was entered. Any additional testimony of notifying Ms. Van Tuyl of the TRO was minimized by Ms. Van Tuyl's own testimony she knew of the order. Third, we presume defense counsel did not call additional witnesses of the May 22, 2003 incident because that testimony would have been unhelpful or cumulative under the evidence rules. Fourth, failure to object to jury instructions 9 and 10 is not prejudicial given our holding that such instructions were proper. And, fifth, a request for dismissal would have been unsuccessful. No cumulative error is shown. In sum, Ms. Van Tuyl fails to show either deficient counsel performance or prejudice.

## C. Evidence Sufficiency

¶23 Ms. Van Tuyl next contends insufficient evidence supports her conviction for the May 24, 2003 incident because telephone calls do not violate the restraining order.

■■ ■■ ¶24 Evidence sufficiently supports a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id.* Circumstantial evidence is as reliable as direct evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

¶25 The elements of violating a restraining order are: (1) an order granted under chapter 26.50, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW, or a valid foreign protection order as defined in RCW 26.52.020; (2) knowledge of the order by the person to be restrained; and (3) a violation of the restraint provisions. RCW 26.50.110(1).

■■ ■■ ¶26 The TRO ordered the parties to restrain "from molesting or disturbing the peace of the other" and "from going onto the grounds of or entering the home or working place or school of the other party." CP at 308. Ms. Van Tuyl alleges her phone calls did not disturb Mr. Van Tuyl's peace. Credibility determinations are for the trier of fact and are not subject to our review. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). Accordingly, we defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992).

¶27 Viewing the evidence in the light most favorable to the State, harassing telephone calls to Mr. Van Tuyl's workplace disturbed his peace, violating the TRO. Accordingly, sufficient evidence exists to support the jury's finding of guilt for violation of a court order based on the May 24, 2003 occurrence.

¶28 Affirmed.

SWEENEY, C.J., and KATO, J., concur.