FILED
COURT OF APPEALS
DIVISION II

2013 MAY 14 AM 8:58

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 41854-1-II |
| Respondent, | |
| v. | |
| DENNIS L. TOLLES, | ORDER WITHDRAWING PART PUBLISHED OPINION AND FILING ATTACHED OPINION |
| Appellant. | |

The opinion in this case was filed as a part published opinion on April 9, 2013. It is the court's intention to submit a new opinion. The court withdraws the April 9, 2013 opinion and replaces it with the attached opinion.

**IT IS SO ORDERED.**

**DATED** this 14TH day of MAY, 2013.

**PANEL:** Jj. Worswick, Quinn-Brintnall, Van Deren.

_____
Worswick, C.J.

_____
Quinn-Brintnall, J.

_____
Van Deren, J.

FILED
COURT OF APPEALS
DIVISION II

2013 MAY 14 AM 8: 59

STATE OF WASHINGTON

BY

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 41854-1-II |
| Respondent, | |
| v. | |
| DENNIS L. TOLLES, | PART PUBLISHED OPINION |
| Appellant. | |

WORSWICK, C.J. — A jury found Dennis Tolles guilty of first degree child rape and attempted first degree child molestation of KJ. He argues (1) the trial court violated his court rule time for trial rights and (2) the trial court erroneously admitted expert testimony from a child abuse investigator. In a statement of additional grounds, he argues that the trial court erred (1) in ruling that KJ's hearsay statements were spontaneous and thus admissible and (2) by denying his midtrial motion to sever the attempted child molestation charge from the other charges. We affirm.

## FACTS

In 2003, KJ told her mother that Tolles had attempted to sexually molest her. She later revealed that Tolles had raped her on at least four prior occasions. The State charged Tolles with three counts of first degree child rape, and Tolles was arraigned May 30, 2003. When KJ refused to cooperate with the State, it dismissed the charges on July 7, 2003. At the time the State dismissed the case, Tolles had been in continuous custody for 37 days.

No. 41854-1-II

In 2010, KJ decided to cooperate with the State regarding the charges against Tolles. The prosecutor accordingly filed a new information on July 7, charging Tolles with four counts of first degree child rape and one count of attempted first degree child molestation. When the new information was filed, Tolles was on probation in Oregon. Tolles failed to appear for his summonsed arraignment and the trial court issued a warrant. He was arrested in Oregon on August 13 and brought to custody in Clark County on August 17. Tolles's trial was set for September 13.[1] Tolles moved to dismiss the charges against him for violation of his court rule time for trial rights.

The trial court found[2] that Tolles spent 37 days in jail before the 2003 charges were dismissed and that when the charges were refiled on July 7, 2010, Tolles was "subject to conditions of release" in Oregon. Clerk's Papers (CP) at 26. Tolles was in custody in Clark County beginning August 17, and his trial was set for September 13.

The trial court ruled that the 2003 version of the time for trial rule, CrR 3.3, would apply. But the trial court further ruled that Tolles's challenge failed under both the 2003 version and the present version of CrR 3.3. The trial court concluded that under current CrR 3.3(e)(6), "[s]ince the defendant is subject to conditions of release in the state of Oregon the Washington speedy trial time is excluded." CP at 27-28.

---

[1] Tolles incorrectly states that his trial was set for September 16 in his brief. He makes no argument that the trial court erred in finding that trial was set for September 13.

[2] Tolles does not challenge the trial court's findings of fact on his CrR 3.3 motion, making them verities on appeal. *State v. Bryant*, 74 Wn. App. 301, 305, 872 P.2d 1142 (1994).

2

No. 41854-1-II

Pretrial, Tolles filed a motion in limine to exclude "opinion evidence on delayed reporting or changing of story's [sic] by child witness . . . since no expert on that subject matter has been identified." CP at 88. The trial court reserved ruling on this motion.

At trial, the State called retired child abuse investigator Steven Norton, who interviewed KJ in 2003. Before Norton's testimony, defense counsel addressed the possibility that Norton would testify about "delayed reporting," arguing, "I don't know what—his expertise, I think, is based on his experience. I don't know beyond that." 2B Report of Proceedings (RP) at 370. The trial judge replied that he would rule on any objections raised during Norton's testimony.

During the State's direct examination of Norton, the following colloquy occurred:

Q. Mr. Norton, in your experience, is it unusual for kids to limit their disclosures when they talk to somebody about abuse?

[DEFENSE]: Objection. Lack of foundation. He's not in an [sic] position to give an expert opinion.

[STATE]: I believe the foundation has been established. He is a child abuse investigator for thirty years. He has interviewed thousands of kids.

[COURT]: I'm going to allow the answer. You may answer.

MR. NORTON: Could I hear the question again, please?

. . . .

Q. I was asking—Mr. Norton, based on your experience and the interviews that you have done, is it—is it unusual for kids to limit the disclosures that they make to investigators or to other people?

A. I would say yes, that can happen and I have a [sic] seen it happen numerous times. A lot of times you will see that—the disclosure regarding abuse is—you know, they will see how you react to that. If you show no reaction then more will be disclosed, kind of on a continuum. I don't believe it is unusual to see children make an initial disclosure to the investigating officer and then, by the—

3

No. 41854-1-II

[DEFENSE]: Still objection. I think it is somewhat non-responsive in terms that he is lecturing the jury.

[COURT]: I'm going to permit him to go ahead with what he is doing. He's answering the question.

[A.] And then, by the time that the prosecutor's office and the defense interview them, there is more information that comes out.

2B RP at 378-80.

The jury found Tolles guilty on one first degree child rape charge and on the charge of attempted first degree child molestation, and not guilty of the remaining three first degree child rape charges. Tolles appeals.

## ANALYSIS

### TIME FOR TRIAL

Tolles first argues that the trial court violated his time for trial rights. He argues that the trial court abused its discretion by ruling that former CrR 3.3 (2003) applied, and that his time for trial rights were violated under the current rule. We agree that the trial court erred by applying former CrR 3.3, but we hold that Tolles's time for trial rights were not violated under the current version of the rule. We hold that Tolles's time for trial was tolled during his conditions of release in Oregon and began to run once he was in custody in Washington.

We review a trial court's application of the time for trial rule, CrR 3.3, de novo. *State v. Kindsvogel*, 149 Wn.2d 477, 480, 69 P.3d 870 (2003); *State v. Nelson*, 131 Wn. App. 108, 113, 125 P.3d 1008 (2006). Failure to strictly comply with CrR 3.3 requires dismissal, whether or not the defendant can show prejudice. *State v. Raschka*, 124 Wn. App. 103, 112, 100 P.3d 339 (2004). A trial court's unchallenged findings of fact on a CrR 3.3 motion to dismiss are verities on appeal. *State v. Bryant*, 74 Wn. App. 301, 305, 872 P.2d 1142 (1994).

4

No. 41854-1-II

A.    *Current Version of CrR 3.3 Applies*

Tolles argues that the trial court erred by applying former CrR 3.3 instead of the version

in effect at the time of Tolles's motion to dismiss. The State concedes this point.

The trial court here ruled that former CrR 3.3 would apply "in the interest of justice" but

gave no rationale for this conclusion. This was error. Although a trial court may apply a

previous version of the criminal rules in the interest of justice under CrR 1.3(b), it must provide a

rationale and may not simply state its conclusion. *State v. Jack*, 87 Wn.2d 467, 469, 553 P.2d

1347 (1976). However, the trial court also ruled that Tolles's rights were not violated under the

present version of CrR 3.3. As analyzed below, the trial court was correct on this point.

B.    *No Time For Trial Violation Occurred*

Tolles argues that his time for trial rights were violated because the time for trial began to

run on July 7, 2010, when the charges against him were refiled. We hold that because Tolles

was under conditions of release in Oregon until brought to custody in Clark County on August

17, his time for trial rights were not violated.

Under CrR 3.3(b)(1), a defendant who is detained in jail must be brought to trial within

60 days after the time for trial commencement date. Under CrR 3.3(c)(1), the initial

commencement date is the date of arraignment. But under CrR 3.3(e), certain occurrences

trigger excluded periods that do not count toward the 60 day time limit for trial.

5

No. 41854-1-II

Under CrR 3.3(b)(5), the time for trial cannot expire less than 30 days after the end of any excluded period. In other words, if fewer than 30 days remain on the time for trial period at the end of an excluded period, the State has a full 30 days to bring the defendant to trial. Because Tolles had already spent 37 days in jail on the charges in 2003, the State had 30 days to bring him to trial after the end of any excluded period.

Under CrR 3.3(e)(4), one such excluded period is "[t]he time between the dismissal of a charge and the refiling of the same or related charge." Another excluded period is "[t]he time during which a defendant is detained in jail or prison outside the State of Washington or in a federal jail or prison *and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington.*" CrR 3.3(e)(6) (emphasis added). Both of these excluded periods are relevant here because the State dismissed the 2003 charges against Tolles and refiled them on July 7, 2012, when Tolles was under conditions of release in Oregon.

Tolles argues that the time for trial began to run again when the State refiled the charges on July 7. Tolles's trial was set for September 13, 68 days after the refiling of the charges, well outside the 30 days normally allowed under CrR 3.3(b)(5). But Tolles's time for trial rights were not violated on this basis because on July 7, when the charges were refiled, another excluded period still applied: Tolles was under conditions of release imposed by an Oregon court. CrR 3.3(e)(6). We hold that this excluded period did not end until Tolles was brought to custody in Clark County on August 17. The September 13 trial date was 27 days after this

6

additional excluded period ended, within the 30 day limit that CrR 3.3(b)(5) imposes. Tolles's claim on this point fails.[3]

State v. Chhom, 162 Wn.2d 451, 173 P.3d 234 (2007) supports our holding. In Chhom, our Supreme Court considered former CrRLJ 3.3(g)(5) (1995), which has been recodified without substantive changes as CrRLJ 3.3(e)(6). 162 Wn.2d at 454 n.1. Under former CrRLJ 3.3(g)(5), the time when a defendant was detained in jail "outside the county" was an excluded period for time for trial purposes. The Chhom court addressed whether an excluded period existed when a defendant was detained in jail outside the county, pursuant to a city's agreement with the outside county to house the defendant. 162 Wn.2d at 454-55. The court eschewed a literal reading of former CrRLJ 3.3(g)(5), holding that the words "outside the county" meant outside the trial court's jurisdiction. 162 Wn.2d at 459-60. And the court noted that the heading of the current rule, CrRLJ 3.3(e)(6), "*Defendant Subject to Foreign or Federal Custody Conditions*," clarified the jurisdictional focus of the rule. 162 Wn.2d at 460.

The court found further support for this interpretation in the analogous superior court rule, former CrR 3.3(g)(6) (2001). 162 Wn.2d at 460. Former CrR 3.3(g)(6) has been recodified

---

[3] The State notes in its briefing that a summons was issued to Tolles, and that he failed to appear at the designated hearing. A failure to appear resets the time for trial commencement date to the date of the defendant's next appearance. CrR 3.3(c)(2)(ii). Here, the State may have had 60 days from Tolles's next appearance on August 17 to bring Tolles to trial. But neither party addressed this issue below, nor do they address it on appeal. Because the effect of Tolles's failure to appear has not been briefed or argued, we do not consider it.

The time during which a defendant is detained in jail outside of Washington is also an excluded period. CrR 3.3(e)(6). The prosecutor stated on the record that Tolles was arrested in Oregon on August 13. Presumably, this means that Tolles was held in jail in Oregon until he was brought to Clark County on August 17. But the trial court made no findings on this issue, neither party addressed it below, and neither party addresses it on appeal. We accordingly do not address this issue.

without amendment as CrR 3.3(e)(6), which is the rule at issue here. The court noted that former CrR 3.3(g)(6) created an excluded period when the defendant was "beyond the jurisdictional reach of the State and thus not amenable to process, either because the defendant is outside the State's geographical borders or because the defendant is subject to federal process." 162 Wn.2d at 460.

The *Chhom* court did not address the portion of former CrR 3.3(g)(6) and current CrR 3.3(e)(6) at issue here, that an excluded period exists when the defendant is "subjected to conditions of release not imposed by a court of the State of Washington." But *Chhom*'s rationale applies. The focus of CrR 3.3(e)(6) is jurisdictional. Therefore, the excluded period created by a defendant's foreign conditions of release ends when a Washington court obtains jurisdiction over the defendant by way of the defendant's being brought to custody in Washington.[4]

Tolles relies on *Chhom* to argue that the trial court erred by finding that he was under a continous excluded period even while incarcerated in Clark County. He argues that under *Chhom*, the excluded period ended when he was brought to custody in Clark County on August 17. We agree, although by being correct on this point, Tolles shows why his time for trial rights were not violated. Because trial was set 27 days after the end of the excluded period when he was brought to Washington custody on August 17, the trial was held within the time limit that CrR3.3(b)(5) imposed and Tolles's time for trial rights were not violated. His claim to the contrary fails.

---

[4] We do not decide that a defendant's being brought to custody in Washington is the only way for a trial court to obtain jurisdiction over a defendant and end the excluded period at issue.

No. 41854-1-II

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

EXPERT TESTIMONY

Tolles next argues that because Norton was not a psychologist or psychiatrist, the trial court violated his right to a fair trial by admitting Norton's testimony regarding delayed reporting by child witnesses. Because Norton was qualified based on experience and training, we disagree.

"We review a trial court's admission of expert testimony for an abuse of discretion." *State v. Yates*, 161 Wn.2d 714, 762, 168 P.3d 359 (2007). A trial court abuses its discretion when it relies on unsupported facts, applies the wrong legal standard, or when it adopts a view that no reasonable person would take. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). ER 702 provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Tolles argues that Norton was not qualified to testify about whether children sometimes delay reporting abuse because Norton was not a psychologist or psychiatrist, and his testimony had no "scientific basis." But the facts underlying an expert's opinion may be based on experience, rather than scientific research. *State v. Flett*, 40 Wn. App. 277, 284, 699 P.2d 774 (1985) (witness qualifications need not be based on academic credentials); *State v. Aaron*, 57 Wn. App. 277, 283, 787 P.2d 949 (1990) (expert testimony, based on experience, about using

9

gloves, socks, or handkerchiefs to avoid leaving fingerprints was not sophisticated expert testimony requiring scientific basis). As our Supreme Court recognized in *State v. Ortiz*, practical experience is sufficient to qualify an expert witness. 119 Wn.2d 294, 310, 831 P.2d 1060 (1992).

Moreover, the record reflects that Norton had both experience and training that qualified him as an expert on child abuse investigations. He had ample experience interviewing children, having spent 30 years as a child abuse investigator during which time he investigated several thousand cases of sexual abuse. He had received training on interviewing child witnesses, became a trainer himself, and co-wrote a book on the subject. The record reflects no abuse of discretion in admitting the challenged testimony. *See State v. Holland*, 77 Wn. App. 420, 427-28, 891 P.2d 49 (1995) (school counselor's expert testimony on delayed reporting was properly admitted based on academic course work and experience counseling abused children). Tolles's argument fails.[5]

---

[5] Tolles also argues that in *State v. Maule*, 35 Wn. App. 287, 667 P.2d 96 (1983), the court found that an expert qualified to testify about child abuse was not qualified to testify about the specific question of child abuse by biological fathers. He argues that, analogously, Norton was not qualified to testify about the specific question of delayed reporting. But Tolles has misread *Maule*. The *Maule* court held under ER 403 that an expert's testimony that most child abuse is committed by father figures, in particular biological fathers, was inadmissible. 35 Wn. App. at 292-93. The State in *Maule* had argued that the evidence came in merely to buttress the expert's qualifications, but the court rejected this argument, holding that the evidence was substantive and prejudicial. 35 Wn. App. at 292-93. Tolles misinterprets *Maule*'s holding. *Maule* does not support his argument.

No. 41854-1-II

## STATEMENT OF ADDITIONAL GROUNDS

### SPONTANEOUS REPORTING

In his statement of additional grounds (SAG), Tolles first argues that KJ's allegations were not reported spontaneously.[6] We treat this as an argument that the trial court erred by admitting KJ's hearsay statements under RCW 9A.44.120 because they were not spontaneous and, thus, not reliable. Tolles's argument fails.

We review a trial court's decision to admit child hearsay for abuse of discretion. *State v. Kennealy*, 151 Wn. App. 861, 879, 214 P.3d 200 (2009). Under RCW 9A.44.120, the hearsay statements of a child under ten years may be admissible in a sex abuse case if the court finds sufficient indicia of reliability and the child either testifies or is unavailable as a witness. Our Supreme Court has set forth a list of factors to consider regarding whether child hearsay is sufficiently reliable to be admitted under RCW 9A.44.120. *State v. Parris*, 98 Wn.2d 140, 146, 654 P.2d 77 (1982). One such factor is whether the statements were made spontaneously. *Parris*, 98 Wn.2d at 146. "Spontaneous" in this context includes statements made in response to questioning that is not leading or suggestive. *Kennealy*, 151 Wn. App. at 883.

The trial court held a hearing on the admission of KJ's hearsay statements to Norton and subsequently entered findings of fact and conclusions of law. The trial court found that KJ disclosed details of the abuse to Norton during interviews conducted in a non-leading and non-directive fashion. The trial court concluded that KJ's statements to Norton were spontaneous.

These findings and conclusions were supported by the evidence. Norton testified at the child hearsay hearing that he received training about how to interview child witnesses using

---

[6] Tolles asks us to read "the 2 letters put into evidence" on this issue, but the letters have not been made part of the record on appeal. SAG.

11

open-ended and non-leading questions. He further testified that he did not ask KJ leading questions, and that he asked her open-ended questions.

Based on this record, there are no grounds to conclude that the trial court abused its discretion by concluding that KJ's statements were spontaneous, reliable, and thus admissible. Tolles's argument fails.

## MOTION TO SEVER

Tolles next argues that the trial court erred in refusing to sever the attempted first degree child rape charge from the other child rape charges against him. Because Tolles's motion to sever was untimely, we disagree.

Refusal to sever charges will be reversed only for a manifest abuse of discretion. *State v. Kalakosky*, 121 Wn.2d 525, 537, 852 P.2d 1064 (1993). Under CrR 4.4(b), the trial court shall sever the charges against the defendant if "the court determines that severance will promote a fair determination of the defendant's guilt or innocence of each offense." Under CrR 4.4(a)(1), a defendant must move to sever the charges before trial, or "before or at the close of all the evidence if the interests of justice require." Failure to move for severance at the appropriate time waives the issue. CrR 4.4(a)(1).

At the close of the State's case, defense counsel moved to sever the single attempted first degree child molestation charge from the four first degree child rape charges. Defense counsel argued that the attempted child molestation charge was the only charge supported by any evidence, and thus Tolles would be prejudiced by having all the charges considered together. Counsel did not move to dismiss the charges for insufficient evidence. The trial judge denied defense counsel's motion to sever as untimely.

No. 41854-1-II

In *State v. Harris*, we suggested that a motion to sever may be dismissed on the basis of untimeliness, but a defendant must be permitted to raise severance during trial when the prejudice resulting from joinder of the charges arises during trial. *See* 36 Wn. App. 746, 749, 677 P.2d 202 (1984) (upholding denial of motion to sever as untimely on first day of trial, before prejudice had arisen, but reversing denial of motion to sever made during trial, after prejudice became clear).

Tolles makes no argument regarding the trial court's refusal to sever. The record does not reflect that any prejudice from joinder arose during the trial. Therefore, the record does not show that the trial court abused its discretion by denying the motion to sever as untimely. Tolles's claim fails.

We affirm Tolles's convictions.

Worswick, C.J.

We concur:

Quinn-Brintnall, J.

Van Deren, J.

13