**FILED**

**JUNE 27, 2017**

**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34033-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BRADEN SCOTT HALL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Braden Hall appeals, on speedy trial grounds, his juvenile

adjudication for fourth degree assault and obstructing a law enforcement officer. We

affirm.

## FACTS

In October 2014, Mr. Hall was charged with various criminal offenses in the

juvenile department of Spokane County Superior Court. On November 21, Mr. Hall

signed and filed an acknowledgment of advice of rights form and waiver of in court

notice of appearance.[1] The waiver listed the charges against Mr. Hall, his pretrial

conference date (December 17, 2014), and his adjudicatory hearing date (December 29,

2014). By signing the waiver, Mr. Hall agreed to appear in court on the listed dates. Mr.

Hall was arraigned on November 25, but it is unclear if he ever appeared in court.[2]

Mr. Hall was not in custody and did not appear at the December 17 pretrial

conference. Instead, his attorney appeared and requested a continuance. A series of

continuances followed and a change of plea hearing was ultimately set for February 4,

2015. Mr. Hall did not personally appear in court for any hearings during this time

period.

On February 3, 2015, the parties, including defense counsel, were informed via e-

mail that the probation office required additional time to proceed with the case.[3] Defense

---

[1] Former Spokane County Superior Court Local Juvenile Court Rule 7.6(a)(3) (2016) permitted a defendant to forgo an in-person appearance at arraignment if a written waiver of arraignment was signed by the defendant. It was deleted from the local rules in April 2016, but in force at the time of Mr. Hall's arraignment.

[2] In his opening brief, Mr. Hall indicates he was arraigned on November 25, 2014. But in his reply brief, he asserts there is no evidence he ever appeared in court during October or November 2014. A sworn declaration from the prosecutor and the trial court's findings of fact state Mr. Hall was arraigned on November 25. Any transcript of the November 25 arraignment is not part of the record on appeal.

[3] Probation counselors are statutorily required to prepare disposition studies and be present at any disposition hearings. RCW 13.04.040(4).

2

counsel apparently communicated to the prosecutor and the probation office that she would have the plea hearing reset. This did not happen.

From mid-March to mid-April 2015, the parties corresponded regarding the status of the case. During this process, defense counsel averred that there was a speedy trial problem. The prosecutor ultimately indicated she would request a hearing on the April 22 pretrial docket. Mr. Hall was apparently in the juvenile court building on April 22, but it is unclear if he or defense counsel appeared for the hearing. In any event, nothing of substance occurred on that date in Mr. Hall's case.

On April 27, 2015, defense counsel filed a motion to dismiss for speedy trial violations. Although the motion referenced constitutional speedy trial protections,[4] the substance of the motion focused on the speedy trial rule, JuCR 7.8. After hearing argument on May 4, the court denied the motion to dismiss. After a stipulated facts trial on August 4, Mr. Hall was found guilty of fourth degree assault and obstructing a law enforcement officer. He appeals.

## ANALYSIS

A defendant's right to a speedy trial is protected by both the federal and state constitutions, as well as court rule. The constitutional right to a speedy trial is imprecise.

---

[4] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22.

It is generally only implicated when a long period of time passes between the filing of charges and trial. *See State v. Iniguez*, 167 Wn.2d 273, 217 P.3d 768 (2009). Court rules are more specific and set forth standards for adjudicating cases under fairly short time frames. The court rule applicable to Mr. Hall's case is JuCR 7.8. Under that rule, Mr. Hall was entitled to a trial within 60 days after the "commencement date" of his proceedings. JuCR 7.8(b)(2)(i).

As was true in the trial court, Mr. Hall's arguments on appeal are limited to the speedy trial rule, as opposed to the federal and state constitutions. Our review is de novo. *See State v. Swenson*, 150 Wn.2d 181, 186, 75 P.3d 513 (2003).

Resolution of Mr. Hall's speedy trial claim requires determining when his commencement date was, for purposes of calculating the 60-day speedy trial clock. Generally, the commencement date is the date of arraignment. JuCR 7.8(c)(1). But under certain circumstances, the commencement date may be reestablished and the elapsed time reset to zero. JuCR 7.8(c)(2). Relevant to this appeal, JuCR 7.8(c)(2)(ii) allows the commencement date to be reset if a juvenile defendant fails to appear at a hearing at which his presence is required. In such a situation, the commencement date resets to the date of the juvenile's next appearance in court. JuCR 7.8(c)(2)(ii). An "appearance" is defined as "the juvenile's physical presence in the court where the pending charge was

4

filed." JuCR 7.8(a)(2)(iii).

The State argues that because Mr. Hall failed to appear for required hearings, his speedy trial clock was reset to zero on April 22, 2015, when he was finally physically present at court. Because the trial court ruled on Mr. Hall's dismissal motion less than a month after this date, there was no speedy trial violation under JuCR 7.8. Mr. Hall counters that despite his failure to comply with his written promise to appear on December 17, 2014, his speedy trial clock did not reset because, under the local practice of Spokane County, he was permitted to appear through counsel.

Mr. Hall's argument fails because it depends upon selective application of JuCR 7.8. To qualify for the protections of JuCR 7.8, Mr. Hall needed to physically appear in court for required hearings. JuCR 7.8(a)(2)(iii). He did not do so until the April 22, 2015 hearing. As a consequence, Mr. Hall cannot now seek refuge under the rule. Regardless of whether the trial court permitted appearance through counsel, Mr. Hall's lack of physical appearance meant that his speedy trial clock under JuCR 7.8 was reset to zero and would not start again until he made a physical appearance.

Because Mr. Hall's case was handled promptly after his April 22 court appearance, there was no speedy trial violation. The trial court correctly denied the motion to dismiss.

No. 34033-3-III
*State v. Hall*

In his reply brief, Mr. Hall argues that if physical appearance is required to start the speedy trial clock, then he was never actually arraigned because he never physically appeared at an arraignment hearing. According to Mr. Hall, this would be a constitutional violation separate from his rule-based speedy trial claims. We decline to address this issue as it involves facts outside the record and has not been adequately preserved. RAP 10.3(c); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

## CONCLUSION

The trial court's order on adjudication and disposition is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Siddoway, J.

6